UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| JAMES E. TOMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 19-4015 |
| | ) | |
| CRAIG FINDLEY, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se, brings the present lawsuit pursuant to 42 U.S.C. § 1983 alleging violation of his First and Fourteenth Amendment rights for events that allegedly resulted in the revocation of his parole. The matter comes before this Court for merit review under 28 U.S.C. §1915A. In reviewing the complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (internal citation omitted).

Plaintiff alleges that he resided in Michigan while serving a term of mandatory supervised release (parole) for an Illinois conviction. The conditions of Plaintiff's parole required, in part, that Plaintiff "not access or use a computer or any other device with Internet capability without the prior written approval of the Department." 730 ILCS 5/3-3-7(a)(7.11)(i).[1] Plaintiff alleges that he was arrested in Michigan for allegedly violating this rule, and that a later

---

[1] This provision applies only to individuals convicted of certain Illinois offenses. Plaintiff did not provide information regarding his underlying conviction. Because Plaintiff challenges it, and, in the absence of information to the contrary, the Court assumes the provision is applicable to Plaintiff.

forensic examination of the phone revealed no child pornography or contraband of any kind. Despite this fact, Plaintiff alleges he was extradited to Illinois, found guilty of violating the above provision at a parole hearing, and sent back to prison after Illinois officials revoked his parole. Plaintiff alleges that he was otherwise in compliance with the terms of his parole, and that he regularly emailed his parole agent in Michigan.

"[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence…." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). If it would, a plaintiff has no cause of action under § 1983 "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 489. In other words, "a prisoner cannot bring a § 1983 claim that involves issues cognizable in habeas corpus until he complies with the procedural prerequisites for relief under [the federal habeas statute]." *Clayton-EL v. Fisher*, 96 F.3d 236, 242 (7th Cir. 1996).

Parole is a form of custody defined by the conditions a parolee must follow. *Samson v. California*, 547 U.S. 843, 850 (2006); *Hankins v. Lowe*, 786 F.3d 603, 605 (7th Cir. 2015). The provision Plaintiff challenges led directly to the revocation of his parole and currently remains in effect until he is discharged. Any successful challenge to this provision would necessarily imply the invalidity of a portion of Plaintiff's sentence. *See Henderson v. Bryant*, 606 F. App'x 301, 303-04 (7th Cir. 2015). Therefore, the Court finds that Plaintiff's challenge to the constitutionality of the conditions of his parole is barred pursuant to *Heck*.

Plaintiff also appears to assert claims under the Fourth and Fourteenth Amendments related to the search of his cell phone and the parole revocation proceedings, respectively. These claims are not necessarily *Heck*-barred, however, Plaintiff's allegations foreclose any possible

claims. *See Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011) ("[D]istrict courts may bypass the impediment of the *Heck* doctrine and address the merits of the case.").

Plaintiff alleges that he "volunteered his passwords to his cell phone and email accounts…," which he was apparently required to do pursuant to the statutory conditions of his parole. 730 ILCS 5/3-3-7(a)(7.9) (requiring a parolee to consent to search of cellular phones and other electronic devices).[2] The Supreme Court has held in *Samson* that parolees do not have a legitimate expectation of privacy in these circumstances, and, therefore, the Fourth Amendment protections do not apply. *Samson*, 547 U.S. at 852.

Plaintiff also alleges that the Illinois Prisoner Review Board held a parole revocation hearing without indication that he lacked notice of the hearing, was denied an opportunity to be heard, or was otherwise denied the minimum protections due process required. Accordingly, the Court finds that Plaintiff fails to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to Proceed in forma pauperis [2] is DENIED. Plaintiff's Motion to Request Counsel [3] and Motion to Admit Documents [6] are DENIED as moot.**

2) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile. This case is therefore terminated. All pending motions not addressed in this Order are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

3) **This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.**

---

[2] This provision applies only to those convicted of certain offenses. The Court assumes applicability of this provision to Plaintiff's situation for the same reasons the Court assumes applicability of the provision Plaintiff challenges in this lawsuit.

4) **Plaintiff must still pay the full docketing fee of $400 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.**

5) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 28th day of June, 2019.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE